MEMORANDUM ***
Rehele Bekele, a native and citizen of Ethiopia, petitions for review of a decision of the Board of Immigration Appeals (“BIA”) affirming an Immigration Judge’s (“I J”) denial of her request for asylum and her application for withholding of removal and protection under the Convention Against Torture (“CAT”). We have jurisdiction under 8 U.S.C. § 1252 and we deny the petition.
The BIA adopted the IJ’s findings and reasoning without clearly indicating whether it conducted a de novo review, so we review the BIA’s decision but look to the IJ’s decision “as a guide to what lay behind the BIA’s conclusion.” Avetova-Elisseva v. I.N.S., 213 F.3d 1192, 1197 (9th Cir.2000). In doing so, we must accept the IJ’s findings of fact unless the evidence compels a contrary conclusion. See INS v. Elias-Zacarias, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). This is an extremely deferential standard of review, and it is not enough that the evidence supports a contrary conclusion, or that we would have weighed the evidence differently. See id. To reverse the IJ’s findings, the evidence must be so overwhelming that “any reasonable adjudicator” would be compelled to reach a contrary conclusion. 8 U.S.C. § 1252(b)(4)(B).
The evidence before the IJ established some of Bekele more politically active relatives were targeted by the Ethiopian government for their political activities, opinions, or their ethnicity. Bekele herself *133 was not targeted. While Bekele was the victim of a brutal crime at the hands of two Ethiopian policemen, the IJ found this was an opportunistic act, not persecution. Based on these reasonable conclusions from the evidence, the IJ concluded Bek-ele’s fear of persecution was not objectively reasonable. The IJ’s factual findings are supported by substantial evidence. See Mohammed v. Gonzales, 400 F.3d 785, 791 (9th Cir.2005). Because Bekele did not establish an objectively reasonable fear of persecution, she also cannot meet the higher burden of showing she is eligible for withholding of removal. See Farah v. Ashcroft, 348 F.3d 1153, 1156 (9th Cir.2003). Bekele’s claim for relief under the CAT fails because she failed to show a likelihood of torture if returned to Ethiopia. See id. at 1156-57.
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.